IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGELA J. SEAVERS, | |
| Petitioner, | |
| vs. | Case No. 14-cv-835-JPG |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Angela J. Seavers' Motion to Vacate, Set aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).  For the following reasons, the Court denies Seavers' motion.

1. **Background**

On October 24, 2013, Seavers pleaded guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846.  *See United States v. Seavers*, Case No. 13-cr-40059 (Doc. 55).  On February 13, 2014, the undersigned Judge sentenced Seavers to 37 months imprisonment, three years supervised release, a $100 special assessment, and a $100 fine. (Doc. 71, 13-cr-40059).  Seavers received a two-level increase pursuant to United States Sentencing Guidelines Manual § 2D11(b)(1) for her possession of a firearm during the offense.   Seavers did not file a direct appeal.

Seavers' § 2255 motion was timely filed on July 23, 2014.  Seavers asserts attorney Gary Milone was ineffective for failing to inform her of the gun enhancement which would affect her sentence. She further asserts that neither she, nor any of her co-conspirators, possessed a gun and

thus the gun enhancement was inappropriate.  The Court will now consider whether Seavers' allegations survive this threshold review.

**2. Analysis**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.  However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  It is proper to deny a § 2255 motion without an evidentiary hearing if, "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const. amend. VI.  This right to assistance of counsel encompasses the right to *effective* assistance of counsel.  *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).  A party claiming ineffective assistance of counsel bears the burden of showing (1) that counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 2431 (2010); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt*, 574 F.3d at 458. The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *accord Wyatt*, 574 F.3d at 458. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland*, 466 U.S. at 689. The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable. *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro*, 538 U.S. at 504-05; *Fountain*, 211 F.3d 433-34. In addition, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about

3

the effectiveness of counsel in a particular trial and potential prejudice that stemmed from counsel's performance. *Massaro*, 538 U.S. at 504-05.  For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition. The Court will now consider Seavers' ineffective assistance of counsel claim.

Seavers claims her counsel was ineffective for failing to notify her of the gun enhancement.  The Court notes that the Stipulation of Facts (Doc. 56, 14-cr-40059), entered on October 24, 2013, paragraph 2, states that."

> "Defendant was aware that Lowe possessed several firearms during this time period and allowed Lowe to store two firearms, one of which he identified as being stolen, at her residence.  Defendant also test fired a .223 caliber rifle with Lowe during this time period."

The Stipulation of Facts is signed and dated by the Defendant.  Next, the Plea Agreement (Doc. 58, 14-cr-40059), paragraph 4, states that, "The parties further agree that Defendant's offense level should be increased two (2) levels pursuant to § 2D1.1(b)(1)[possession of a firearm], yielding an Adjusted Base Offense Level of 22."  The Pleas Agreement is also signed and dated by Angela J. Seavers.

At the plea hearing on October 24, 2013, Petitioner Seavers was asked by the Court:

"Q. Are you fully satisfied with the counsel, the representation and advice given to you in this case by Mr. 1 Milone, your attorney?
A. Yes."  (Transcript of Change of Plea Hearing )

The Court also inquired at the hearing about the plea agreement as follows:

Q. It's my understanding that you, through your attorney and the Government, have entered into a plea agreement regarding your case; is that correct?
 A. Yes.
Q. Okay. I have here entitled, a document entitled plea agreement. Is this your signature to page eleven of Page 5 of this plea agreement? Why don't you look up here at me.
A. Yes.
Q. Okay. Did you read and review and go over this document with your attorney before you signed it?
 A. Yes.

4

Finally, the Court addressed sentencing and a portion of the plea agreement was read aloud at the hearing as follows:

"The relevant -- the guideline calculations are based upon a relevant conduct figure of 29 grams of methamphetamine, which is a base offense level of 20. It appears that her offense level should be *increased two levels for possession of firearm*, taking it to offense level 22." (emphasis added)

"The evidence would show that Mr. Lowe possessed a number of firearms during this conspiracy, and that the defendant was aware of Mr. Lowe's possession of those firearms."

The Petitioner was asked on numerous occasions throughout the plea hearing if she understood all the factors regarding her plea and the sentencing guidelines, along with her satisfaction of her counsel, and Petitioner never brought her concern of the gun enhancement before the Court.

Petitioner was given another opportunity to address the gun enhancement at her sentencing hearing on February 7, 2014:

> THE COURT: Have you received copy of the presentence report and have you had an opportunity to read it and go over it with your attorney Mr. Milone?
> THE DEFENDANT: Yes.
> THE COURT: Have there any errors, corrections, alterations, or additions to the report which you wish to be make to it?
> THE DEFENDANT: No.
> THE COURT: Mr. Milone, does the defendant have any objections to the report at this time that would affect the advisory guideline range?
> MR. MILONE: No, Your Honor.
> THE COURT: There being no objections to the probation officer's presentence investigation report, the Court hereby adopts the presentence investigation report
> and the findings on contained therein as the findings of this Court, including the finding that the defendant is responsible for 22 grams of a mixture and substance containing methamphetamine on the charge of conspiracy to manufacture methamphetamine, rendering an initial offense level of 20, **as there's a two-level increase because a firearm was possessed** by the defendant during this offense, there's a two-level increase to an adjusted offense level of 22; (*emphasis added.*)

Finally, at the sentencing hearing, Petitioner's attorney recommended a drug treatment stating that Petitioner understands that she may not receive credit with the firearm issue. Later in the hearing, Petitioner herself appealed to the Court for the drug treatment and acknowledged she may not receive credit due to the firearm issue.

5

Given the plea agreement, stipulation of facts, and testimony at both the plea and sentencing hearings, it is frivolous for the Petitioner to claim ineffective assistance of counsel based upon the gun enhancement. As such, Petitioner fails to satisfy the first prong of the *Strickland* test in directing the Court to specific acts or omissions of her counsel as the record clearly reflects that the gun enhancement was addressed by her counsel at all relevant stages.

### 3. Certificate of Appealability

Having denied Seavers' motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. Seavers has made no such showing. Therefore, the Court denies a certificate of appealability. Pursuant to Rule 11(a), Seavers may not appeal the denial of a certificate of appealability, but she may seek a certificate from the Court of Appeals for the Seventh Circuit.

### 4. Conclusion

Accordingly, this Court **DENIES** Seavers' § 2255 Motion (Doc. 1) and **DISMISSES** this action. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly. Further, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:** 10/20/2014

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**